UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

NICK LOGAN,   :
      Petitioner   :
      v.   : CIVIL NO. 4:CV-06-743
JAMES L. GRACE,   :
         : (Judge McClure)
      Respondent   :

## **MEMORANDUM**

April 4, 2007

### **Background**

Nick Logan ("Petitioner"), an inmate presently confined at the State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Huntingdon"), initiated this *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. Named as Respondent is SCI-Huntingdon Superintendent James Grace. Service of the petition was previously ordered.

Petitioner pled guilty to charges of theft and receiving stolen property in the Allegheny County Court of Common Pleas. He was sentenced in 1992 to a six (6) to twenty-four (24) year term of imprisonment. However, Logan's present action does not challenge the legality of either his guilty plea or the imposition of his sentence.

Rather, the petition challenges proceedings conducted in 2003 and 2005 by the Pennsylvania Board of Probation and Parole ("Parole Board") . Specifically, Petitioner claims that his equal protection right to participate in a "parole program" and "work release/furlough/ CC Center Program" was violated. Record document no.

1

1, ¶ 12(A) & (B). Logan states that in 2003, he submitted an application seeking permission to participate in a parole program. The petition initially claims that Logan's 2003 application was denied in violation of his equal protection rights because Unit Manager J.J. Ogershok and Counselor Joe Dinardi put incorrect information in his parole file. See id. at (A). During August, 2005, Petitioner avers that he was again refused admission to the parole program. This denial purportedly occurred because Unit Manager Keller and Counselor Robinson similarly placed inaccurate information in his institutional file.

Logan adds that Keller, Robinson and Parole Agent Linda Thompson "will not fairly or equally allow me to apply for work release/furlough/ CC Center transfer." Id. at (C). As relief, Petitioner requests that this Court direct correctional officials, presumably the Parole Board, to provide him with a full and fair opportunity to obtain parole and participate in a pre-release program.

**Discussion**

Respondent notes that Logan's maximum sentence does not expire until October 18, 2015. The response acknowledges that on August 13, 2003, the Parole Board issued a decision denying Petitioner release on parole. Logan was denied parole for a second time by decision dated August 9, 2005. The Respondent asserts that both denials were issued following interviews with the Petitioner and based upon the Parole Board's finding "that Logan's best interests did not justify or require him being paroled and the interests of the Commonwealth would be injured if he was paroled." Record document no. 7, ¶¶ 8 & 12. Other factors cited by the Parole Board included the Petitioner's lack of remorse, his unacceptable compliance with prescribed

institutional programs, the recommendation by the Department of Corrections ("DOC"); and the nature and circumstances of the offenses committed.

The Respondent initially seeks dismissal of the petition on the grounds that Logan has failed to exhaust his available state court remedies. Specifically, it is argued that Petitioner's present claims must first be raised via a mandamus petition with the Pennsylvania Commonwealth Court.

Respondent's second argument contends that Petitioner's claims regarding the 2003 denial of parole are time barred. It is also asserted that the petition fails to set forth a viable equal protection claim. The Respondent's final argument is that the claims that Logan was improperly denied permission for placement in work release, furlough or in a Community Corrections Center are only properly asserted in a civil rights action.

**Exhaustion**

Respondent initially maintains that Petitioner is not entitled to federal habeas corpus relief because he failed to exhaust his available state court remedies. This argument is premised upon decisions which recognize that the Pennsylvania state courts are willing to entertain properly presented mandamus claims. See Coady v. Vaughn, 251 F.3d 480, 489 (3d Cir. 2001); Voss v. Pennsylvania Board of Probation and Parole, 788 A.2d 1107 (2001). Therefore, because Logan has failed to pursue a state mandamus action with respect to his present allegations, his petition should be dismissed.

An applicant pursuing a state habeas corpus claim in federal court must either show that the federal constitutional claims asserted in the federal habeas petition have

3

been "fairly presented" to the state courts, or that there is an absence of available state court corrective process, or that circumstances exist rendering the available state court process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b).[1] However, as acknowledged by the Respondent, in DeFoy v. McCullough, 393 F.3d 439, 445 (3d Cir. 2005), the Court of Appeals for the Third Circuit excused exhaustion with respect to an action alleging constitutional violations which occurred during a denial of parole.

In DeFoy, the Court of Appeals set forth important developments as to when, and if, a Pennsylvania state prisoner must seek state court review of a denial of parole. DeFoy held that a state prisoner challenging the denial of parole on constitutional grounds, other than for a violation of the *Ex Post Facto* Clause, was not required to exhaust state court remedies before pursuing federal habeas review. The Respondent argues that DeFoy is distinguishable because it did not address equal protection claims. However, the Respondent acknowledges that DeFoy "made the sweeping conclusion that mandamus is not available for Pennsylvania state prisoners seeking to

---

[1] Section 2254(b)(1) of title 28 U.S.C. provides:

> (b)(1) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

challenge the denial of their parole on constitutional grounds other than pursuant to the *Ex Post Facto* Clause. Record document no. 7, pp. 7-8. Since the present petition does not raise an *Ex Post Facto* claim, DeFoy is clearly applicable to Logan's present allegations. Accordingly, in accordance with the findings set forth in DeFoy, the request for dismissal on the basis of non-exhaustion will be denied.

**Statute of Limitations**

The Respondent next asserts that Logan's allegations of being denied equal protection with respect to his August 13, 2003 parole proceedings are time barred.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) amended the federal habeas statute by imposing a statute of limitations on prisoners requesting habeas corpus relief pursuant to 28 U.S.C. § 2254. Specifically, 28 U.S.C. § 2244(d)(1)-(2) provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(emphasis added)  see generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999).

The "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." Jones, 195 F.3d at 159, citing Miller v. New Jersey State Department of Corrections, 145

5

F.3d 616 (3d Cir. 1998). The Jones court held that "extraordinary" and "rare" circumstances are required for the granting of equitable tolling.

The Respondent argues that the one year limitations period with respect to Logan's initial parole denial began to run on August 13, 2003. Therefore, since the present petition was not filed until April 10, 2006 and Logan has not demonstrated that he was somehow previously prevented from challenging the legality of his 2003 parole denial, the claims pertaining to said denial are time barred.

Logan's habeas corpus petition is dated March 30, 2006. Under the standards announced in Houston v. Lack, 487 U.S. 266 (1988) the petition will be deemed filed as of that date. Second, the Petitioner knew or should have known of the basis for his present challenges to his August 2003 parole proceedings at the time he was provided with a copy of that decision, which appears to have been on or about August 25, 2003. See Record document no. 10, p. 2. Furthermore, under the standards set forth in Miller and Jones, the present petition simply does not allege the type of extraordinary circumstances which would warrant equitable tolling. Since Logan's claims regarding his August 2003 parole determination were clearly initiated outside of the one year period authorized by § 2244(d), they are time barred and precluded from consideration. However, Petitioner's action to the extent that it challenges his August 9, 2005 parole proceedings is timely.

**Equal Protection**

The Respondent's third argument contends that because Logan has failed to allege that he was treated differently from other parole applicants, his petition fails to set forth a viable equal protection claim.

6

A litigant seeking to establish a viable equal protection claim must show an intentional or purposeful discrimination. Wilson v. Schillinger, 761 F.2d 921, 929 (3d Cir. 1985), cert. denied, 475 U.S. 1096 (1986).  However, the Equal Protection Clause "does not deny to States the power to treat different classes of persons in different ways."  Reed v. Reed, 404 U.S. 71, 75 (1971).  The Third Circuit Court of Appeals has observed that the Equal Protection Clause "is not a command that all persons be treated alike but, rather, 'a direction that all persons similarly situated should be treated alike.'" Artway v. Attorney Gen., 81 F.3d 1235, 1267 (3d Cir. 1996) (quoting City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985)); see also Kuhar v. Greensburg-Salem Sch. Dist., 616 F.2d 676, 677 n.1 (3d Cir. 1980) ("An equal protection claim arises when an individual contends that he or she is receiving different treatment from that received by other individuals similarly situated.").  Based on the standards announced in Wilson and Artway,
it cannot be concluded that the Petitioner was subjected to intentional or purposeful discrimination or was treated differently from similarly situated parole applicants.

Furthermore,  "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979).  Furthermore, it has been held that the Pennsylvania parole statute does not create a liberty interest in the right to be paroled.  Rodgers v. Parole Agent SCi-Frackville, Wech, 916 F. Supp. 474, 476-77 (E.D. Pa. 1996); McCrery v. Mark, 823 F. Supp. 288, 294 (E.D. Pa. 1993).

However, the United States Court of Appeals for the Third Circuit has also held

that:

> [E]ven if a state statute does not give rise to a liberty interest in parole release under Greenholtz, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons.

Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980). Accordingly, even where a state statute grants discretion to the state parole board to condition or completely deny parole, it may not permit "totally arbitrary parole decisions founded on impermissible criteria." Id.

Consequently, a federal court may review a decision by a state parole board for an abuse of discretion. Id. Upon such review, relief will only be available if an applicant can show that parole was arbitrarily denied based on some impermissible reason such as "race, religion, or political beliefs," or that the parole board made its determination based on "frivolous criteria with no rational relationship to the purpose of parole . . . ." Id. at 236 n.2.

In Morrissey v. Brewer, 408 U.S. 471 (1972), the United States Supreme Court addressed a habeas petition filed by a state inmate who alleged that he had not received due process during parole revocation procedures. The Court recognized that a federal court should not upset a decision of a state parole board unless the determination is based on constitutionally impermissible reasons such as race, religion, or ethnicity or rendered in the absence of the following due process protections:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c)

8

>opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking parole.

Id. at 488-89.

Logan alleges that he was subjected to unfavorable parole consideration in 2005 because the adverse determination was based on a review of his incomplete institutional file. There is no allegation that Logan was denied parole on the basis of his race, religion, or ethnicity. Second, there is also no indication that the Parole Board applied any inappropriate criteria or non-relevant factors in rendering its decision to deny parole. The Petitioner has also failed to present any facts to adequately support his claim that consideration of documents not included in his institutional file would have resulted in a favorable parole decision. There is simply no foundation to support a conclusion that the decision to deny parole was based on constitutionally impermissible reasons. Since Logan's claims regarding the rejection of his 2005 application by the Parole Board do not rise to the level of a constitutional violation, his petition is subject to dismissal.

**Work Release/Furlough/Community Corrections**

The remaining argument for dismissal asserts that any claim by Logan regarding work release, furlough or transfer to a Community Corrections Center ("CCC") is not properly asserted in a federal habeas corpus petition. The Respondent adds that such claims should be brought by way of a civil rights complaint.

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

It is initially noted that Logan's present claims to the extent that they allege that he was subjected to unconstitutional denial of parole are properly asserted in a federal habeas corpus petition. However, based upon many of the allegations raised in his petition, Petitioner also appears to be challenging determination[s] by the Federal Bureau of Prisons ("BOP") that he is not presently eligible for work release, furlough, or a transfer to a CCC. These purportedly unconstitutional actions do not contend that Petitioner's sentence has been improperly calculated, challenge a loss of good time credits or otherwise attack conduct which extended the length of Logan's confinement.

Based upon the nature of Petitioner's allegations pertaining to work release, furlough, and CCC eligibility and the relief sought, "habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993). Consequently, those claims will be denied as meritless without prejudice to any right Logan may have to reassert them in a properly filed civil rights complaint.[2] See David v. United States, Civ. A. No. 3:CV-99-0836, slip op. at 5

---

[2] In this regard, this Court expresses no opinion as to the merits of any civil rights claims Logan may file based upon the facts asserted herein.

10

(June 17, 1999 M.D. Pa.) (Munley, J.) (challenge to IFRP refusal status not properly asserted in habeas petition); <u>Wool v. York County Prison</u>, Civ. A. No. 4:CV-98-0138, slip op. at 2-3 (M.D. Pa. January 30, 1998) (McClure, J.).  An appropriate Order will enter.

                                                 s/ James F. McClure, Jr.  
                                              JAMES F. McCLURE  
                                              United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

NICK LOGAN,                           :
                                      :
    Petitioner                        :     CIVIL NO. 4:CV-06-743
                                      :
v.                                    :
                                      :
                                      :     (Judge McClure)
JAMES L. GRACE,                       :
                                      :
    Respondent                        :

## **ORDER**

April 4, 2007

In accordance with the accompanying, Memorandum, **IT IS HEREBY ORDERED THAT**:

    1.    The petition for writ of habeas corpus is dismissed.

    2.    The Clerk of Court is directed to close this case.

    3.    Based on the Court's determination there is no basis for the issuance of a Certificate of Appealability.

      s/ James F. McClure, Jr.
    JAMES F. McCLURE
    United States District Judge